Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CECIL MATHEWS,**

    Plaintiff,

VS.                                      Case No. 4:16cv375-RH/CAS

**JULIE JONES and**
**SHANNON MILLIKEN,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, filed a "motion requesting this Court to issue class certification order." ECF No. 22. Plaintiff states that he "failed to specify that this" case should be "on behalf of a class of persons similarly situated." *Id.* at 1. He requests the Court issue notice to the class and appoint class counsel. *Id.* at 2.

Plaintiff's motion for a class order should be denied. First, Plaintiff's second amended civil rights complaint, ECF No. 15, does not clearly state a class action claim, notwithstanding Plaintiff's assertion that a "limit on subscriptions and the denial of gift subscriptions violates" Plaintiff's rights,

"and all prisoners First Amendment" rights. ECF No. 15 at 14. A court is not authorized to re-write a plaintiff's pleading to assert claims that were not pled.

Second, a prerequisite for class action certification is a finding by the Court that the representative party or parties can "fairly and adequately protect the interest of the class." FED. R. CIV. P. 23(a)(4). It is well established, however, that a pro se plaintiff "cannot be an adequate class representative." Gray v. Levine, 455 F. Supp. 267, 268 (D. Md. 1978) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)). "[T]he competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" Oxendine, 509 F.2d at 1407 (quoted in Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)).

Although Plaintiff has simultaneously requested the appointment of counsel to represent the class, that request should also be denied. It is not clear at this stage of the litigation that the appointment of counsel is warranted. Appointment of counsel in a civil case is not a constitutional right, but a privilege that is justified only by exceptional circumstances such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Fowler v. Jones, 899 F.2d 1088

(11th Cir. 1990).  At this point in the proceedings, Plaintiff has not demonstrated that these legal issues are either novel or complex.  Counsel should not be appointed solely to provide a basis for proceeding as a class action, especially where the complaint does not assert a class action claim.

Moreover, the relief Plaintiff seeks in the complaint is a permanent injunction.  ECF No. 15 at 15.  If Plaintiff were successful in this case and provided the relief sought, that ruling would benefit other inmates within the Department of Corrections without invoking the cumbersome procedures of Rule 23.  For all these reasons, the motion for class certification, ECF No. 22, should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to certify this case as a class action, ECF No. 22, be **DENIED**, and this case **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 22, 2016.

 S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:16cv375-RH/CAS

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.