IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CECIL MATHEWS,

    Plaintiff,

v.                                          CASE NO. 4:16cv375-RH-CAS

JULIE JONES and
SHANNON MILLIKEN,

    Defendants.

_____/

## ORDER OF DISMISSAL

This prisoner civil-rights case is before the court on the magistrate judge's second report and recommendation, ECF No. 72, the plaintiff's objections, ECF No. 73, and the defendants' response to the objections. I have reviewed de novo the issues raised by the objections.

The plaintiff Cecil Mathews claims that prison authorities violated the First Amendment by blocking publications that were sent to him. The report and recommendation correctly rejects this claim. The crucial factor is the substantial deference due prison officials on this issue. *See, e.g.*, *Prison Legal News v. Sec'y, Fla. Dep't of Corr.*, 890 F.3d 954 (11th Cir. 2018).

Mr. Mathews also says that a prisoner has a right to appeal a decision blocking a publication. The defendants do not disagree. Mr. Mathews says this means the appeal must be heard by someone independent from the Department of Corrections. That is incorrect. The initial decision blocking a publication is made at the correctional facility by a warden or by an assistant warden as the warden's designee. A prisoner's appeal from the decision lies to the Department's Literature Review Committee at Department headquarters. A prisoner is entitled to nothing more.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

1. The second report and recommendation is accepted and adopted as the court's opinion.

2. The plaintiff's motion for partial summary judgment, ECF No. 61, is denied.

3. The defendants' motion for summary judgment, ECF No. 64, is granted.

4. The clerk must enter judgment stating, "This action was resolved on a summary-judgment motion. It is adjudged that the plaintiff Cecil Mathews recover nothing on his claims against the defendants Mark S. Inch, in his capacity as Secretary of the Florida Department of Corrections, and Shannon Milliken. The claims are dismissed on the merits."

5. The clerk must close the file.

SO ORDERED on August 22, 2019.

s/Robert L. Hinkle  
United States District Judge